**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:26-CV-353-JHM**

**STEVEN KENDER** **PLAINTIFF**

**v.**

**MEADE COUNTY DETENTION CENTER, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Kender filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action with leave to file an amended complaint.

**I.**

Plaintiff, a pretrial detainee, initiated this civil-rights action against the Meade County Detention Center ("MCDC"), MCDC Jailer J.J. Scarborough, and MCDC Chief Deputy Becca Webster in their individual and official capacities for violations of his rights secured under the Eighth and Fourteenth Amendments. [DN 1].

Plaintiff alleges that he was "tortured" at MCDC in August 2025 and in March 2026. Plaintiff asserts that he was placed in solitary confinement for 37 days, stripped of "all [his] whites," and was exposed to extremely cold temperatures from cold air continually pumped into the vents. Plaintiff complains that during this time, he was not given any religious materials to read and forced to listen to shrieks and screams "from the weak minded." Plaintiff characterizes the conditions of solitary confinement as inhumane and as cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff maintains that his placement into solitary confinement occurred after he filed a grievance against a night guard named Kyle regarding the guard's alleged inappropriate response to Plaintiff's injury from falling from a top bunk. Plaintiff represents that after the fall, the nurse on duty instructed him to take a Tylenol without even physically examining him.

As relief, Plaintiff seeks damages and for the "the torture of inmates" to stop.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. MCDC and Official-Capacity Claims**

MCDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendant MCDC as claims brought against Meade County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

Plaintiff sues Defendants Scarborough and Webster in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of

which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against these Defendants are actually against their employer, Meade County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality or county, such as Meade County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that a policy or custom was the moving force behind the alleged constitutional violations of his placement and length in solitary confinement, his treatment by the night guard, or the nurse's refusal to examine him after his fall from the bunk. These alleged incidents affected him only. Accordingly, the Court will dismiss these claims against MCDC and against Defendants Scarborough and Webster in their official capacities. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019) ("an isolated occurrence affecting only" the plaintiff would not amount to a policy or custom endorsed by the defendant for purposes of a municipal liability claim) (citing *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)).

With respect to his conditions of confinement claim, the Court will address this claim below.

**B. Conditions-of-Confinement Claims against Defendants Meade County, Scarborough, and Webster**

Plaintiff sues Defendants Meade County, Jailer Scarborough, and Chief Deputy Webster alleging that the conditions of confinement in solitary confinement at MCDC are unconstitutional in violation of the Eighth Amendment of the United States Constitution. The Fourteenth Amendment, not the Eighth Amendment, applies to conditions-of-confinement claims brought by pretrial detainees such as Plaintiff. *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022); *Poynter by & through Fernandez v. Shirley*, No. 25-5188, ___ F.4th___, 2026 WL 2641092, at *2 (6th Cir. Sept. 8, 2026) (noting that for those detained before a criminal conviction the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment is the source of constitutional prohibition against unlawful conditions of confinement). As such, the Court will dismiss Plaintiff's Eighth Amendment claim.

In the context of conditions of confinement, the Fourteenth Amendment's prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Poynter*, 2026 WL 2641092, at *6–7 (instructing courts to apply *Farmer* to Fourteenth Amendment conditions-of-confinement claims just as it has long been applied to Eighth Amendment conditions-of-confinement claims). However, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of a . . . violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

A conditions-of-confinement claim includes both an objective and a subjective component. *See Wilson*, 501 U.S. at 298. The objective component requires the plaintiff to demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component requires the plaintiff to demonstrate that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837; *see also Kroese v. Williamson Cnty., Tennessee*, No. 3:25-CV-01268, 2026 WL 2807112, at *5 (M.D. Tenn. Sept. 18, 2026) ("To state a viable conditions-of-confinement claim under the Eighth Amendment or Fourteenth Amendment, Plaintiff must allege facts from which the Court may reasonably infer that 'there [was] a substantial risk of serious harm the state knew about and disregarded.'").

Plaintiff's conditions-of-confinement claims fail on the first prong of the *Farmer* test. The Constitution does not mandate comfortable prisons. *Wilson*, 501 U.S. at 298. "[C]onstitutionally adequate housing is not denied simply by uncomfortable temperatures inside cells, unless it is shown that the situation endangers inmates' health." *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122–23 (M.D. Tenn. 1982). Plaintiff states that he experienced "freezing" temperatures in solitary confinement, but he presents no basis for his assertion regarding the cell's temperature other than his estimation, which is not sufficient. *See, e.g.*, *Payette v. Trierweiler*, No. 2:10-CV-8, 2010 WL 3937158, at *7 (W.D. Mich. Oct. 4, 2010) (dismissing claim on initial review where plaintiff had no basis, other than the fact that he felt cold, for claim that "it felt as if his cell was being kept between '55 and 64 degrees' from September to December"). Plaintiff's vague and conclusory statement about the temperature does not rise to the level of an "[e]xtreme deprivation" to meet the objective standard. *Hudson v. McMillian*, 503 U.S. at 9; *see also, e.g.*, *Dean v. Campbell*, No. 97-5955, 1998 WL 466137 at *2 (6th Cir. July 30, 1998) (confinement in a cold segregation cell for more than twenty days not sufficient to show the types of extreme

deprivations necessary to meet the objective component of a conditions of confinement claim). Moreover, Plaintiff does not specify any physical injury because of the temperature other than discomfort. *See Watson v. Curley*, No. 2:12-cv-259, 2012 WL 6019498, at *4 (W.D. Mich. Dec. 3, 2012) (dismissing claim on initial review where plaintiff had failed to allege physical injury in claim regarding cold temperature in prison). Therefore, Plaintiff's claim about the cold temperature of the solitary confinement cell will be dismissed for failure to state a claim.

**C. Supervisory Liability Claims**

Because the complaint sets forth no specific allegations against Defendants Scarborough and Webster on the remaining claims, the Court assumes that Plaintiff seeks to hold them liable in their supervisory roles as jailer and chief deputy of MCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff's remaining claims against Defendants Scarborough and Webster are not based on any active unconstitutional conduct, the Court concludes that Plaintiff's individual-capacity claims against them must be dismissed for failure to state a claim upon which relief may be granted.

**D. Amended Complaint**

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave for Plaintiff to file an amended complaint against the individual officers or nurse involved in the alleged deprivation of medical care or the alleged retaliation. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."); *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff decides to file an amended complaint, he should sue the individual officer or nurse who was allegedly involved in the unconstitutional conduct in their individual capacity and explain how each individual defendant violated his rights.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **<u>November 7, 2026</u>**.

The **Clerk of Court is DIRECTED** to place this case number and the words "Amended Complaint" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file an amended complaint.

Date: October 7, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014